UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00589 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 26] |
| vs. | : | |
| | : | |
| DELEON MAY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Deleon May requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]

For the following reasons, the Court **DENIES** May's motion for compassionate release without prejudice.

I. Legal Standard

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[2]

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[3] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[4]

---

[1] Doc. 26.
[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[3] 18 U.S.C. § 3582(c)(1)(A).
[4] *Id.*

Case No. 1:14-cr-00214
GWIN, J.

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) serious or terminal medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.[5]

## II. Discussion

Defendant May's motion does not say why he should receive compassionate release.

Defendant May argues "that his family circumstances, current pandemic, harshness of prison conditions, non-rehabilitative programming, and the physical and mental deterioration from the constant 'lock-down' and isolation" are extraordinary and compelling circumstances.

Defendant May does not give the facts necessary to evaluate his claim. For example, he does not say what family circumstances he is facing that may constitute extraordinary and compelling circumstances.

This Court denies this motion for compassionate release without prejudice to May's ability to file a new motion for compassionate release better describing whatever support May believes create extraordinary and compelling reasons.

## III. Conclusion

For the reasons stated, the Court DENIES without prejudice May's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

---

[5] USSG § 1B1.13 cmt. n.1. The policy statement is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2020), *appeal filed* No. 20-2053 (quoting USSG § 1B1.13 cmt. n.4). Because this is no longer the law under the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum." *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases). *See also United States v. Rice*, No. 5:05-cr-00042, 2020 WL 5569616, at *1 (N.D. Ohio Sept. 17, 2020).

Case No. 1:14-cr-00214
GWIN, J.

IT IS SO ORDERED.

Dated: March 31, 2022           *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE