UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00589 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 31] |
| v. | : | |
| | : | |
| DELEON MAY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Deleon May requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.

In deciding this motion, the Court must determine whether "extraordinary and compelling reasons" exist to warrant a reduction in sentence.[1]

For the following reasons, the Court **DENIES** Defendant May's motion for compassionate release.

I. Background

In January 2021, Defendant May pled guilty to felon in possession of arms and ammunition.[2] In April 2021, this Court sentenced May to 40 months imprisonment and three years of supervised release.[3]

II. Discussion

Defendant May moves for compassionate release. He says that the Court should

---

[1] 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (holding that federal judges have full discretion to define extraordinary and compelling).
[2] Doc. 12; Doc. 23.
[3] Doc. 23.

Case No. 5:18-cr-00647
GWIN, J.

reduce his sentence because of the harshness of prison conditions during the pandemic, because of his medical conditions, and because of his family circumstances.[4] The Government opposes.[5]

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6] On December 23, 2021, the warden denied May's request for compassionate release.[7] May satisfies the exhaustion requirement.

### B. Eligibility

Under the compassionate release statute, the Court may "reduce the term of imprisonment []and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[]."[8]

To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in sentence.[9] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[10] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[11]

---

[4] Doc. 31 at 4-5.
[5] Doc. 32.
[6] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[7] Doc. 32-1.
[8] 18 U.S.C. § 3582(c)(1)(A).
[9] *Id.*; *Jones*, 980 F.3d at 1108 (holding that federal judges have full discretion to define extraordinary and compelling).
[10] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[11] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Case No. 5:18-cr-00647
GWIN, J.

### a. Health Conditions

Defendant May argues that his health issues and the risks posed by the COVID-19 pandemic constitute an extraordinary and compelling reason to reduce his sentence.[12] Specifically, May has Stage 3a kidney disease and asthma.[13]

Defendant May's health conditions and the COVID-19 risk do not constitute an extraordinary and compelling reason warranting a sentence reduction.

Defendant May has access to the COVID-19 vaccine, but he has repeatedly declined vaccination.[14] May does not explain why he refused vaccination or offer any evidence that the refusal was medically necessary. The Sixth Circuit has made clear that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[15]

Further, May's health conditions alone, do not constitute extraordinary and compelling circumstances. His medical records indicate that the Bureau of Prisons is treating his conditions through ongoing care.[16] This is not sufficient to warrant a reduction.[17]

### b. Caregiving Responsibilities

Defendant May's family circumstances are not an extraordinary and compelling reason justifying a sentence reduction.

---

[12] Doc. 31 at 4-5.
[13] *Id.*
[14] Doc. 32-3 (sealed).
[15] *United States v. Lemons,* 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Bonsu,* 2:18-CR-00058-1, 2021 WL 3098083 (S.D. Ohio July 22, 2021); *United States v. Culp,* 92-CR-81058, 2021 WL 5834312, at *1 (E.D. Mich. Dec. 9, 2021); *United States v. Whitmire,* 1:17-CR-34, 2021 WL 3883748, at *4 (S.D. Ohio Aug. 31, 2021).
[16] Doc. 31-2 (sealed).
[17] *United States v. Lake,* No. CR 5:16-076-DCR, 2019 WL 4143293, at *3 (E.D. Ky. Aug. 30, 2019) (finding that chronic conditions that can be managed in prison are not a sufficient basis for compassionate release).

Case No. 5:18-cr-00647
GWIN, J.

Defendant May says that his son needs him as a caretaker because his son's mother is incarcerated. May also says that his sister has cancer. Both of these circumstances existed at the time of sentencing, as described in the presentence report.[18]

Under the Sentencing Commission's policy statement, the "death or incapacitation of the caregiver of the defendant's minor child or minor children" can be a reason justifying sentence reduction.[19] Courts in the Sixth Circuit applying this guideline generally require defendants to show that they are the "only available caregiver" for minor children.[20]

Defendant May does not show that he is the only available caregiver for his son. He does not say that his son's caregiver at the time of his sentencing is no longer able to care for his son.

Even if the Court granted compassionate release, Defendant May would be transferred into state custody.[21] He would not be an available caregiver for his son or his sister.

In addition, the family circumstances Defendant May describes existed at the time of sentencing. The circumstances have not sufficiently changed to justify a sentence reduction.

### c. 18 U.S.C. § 3553(a) Factors

If a Court has identified an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the reduction is warranted under the circumstances of the case.[22]

---

[18] Doc. 17 (sealed) at ¶¶ 102, 109.
[19] U.S.S.G. § 1B1.13 (Policy Statement).
[20] *United States v. Lemon*, 4:16-CR-0239, 2021 WL 1060142, at *2 (N.D. Ohio Mar. 18, 2021); *United States v. Vela-Salinas*, 3:11-CR-00083-19, 2022 WL 391490, at *4 (M.D. Tenn. Feb. 8, 2022); *United States v. Curry*, 6:19-CR-34-REW, 2022 WL 1124925, at *3 (E.D. Ky. Apr. 14, 2022).
[21] Doc. 31 at 6.
[22] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted). Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;"

Case No. 5:18-cr-00647
GWIN, J.

Here, Defendant May has not identified an extraordinary and compelling reason warranting relief. The Court therefore does not reach the § 3553 factors.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant May's motion for compassionate release.

IT IS SO ORDERED.

Dated: August 3, 2022 
*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

"the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".

- 5 -